**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000169**
**17-OCT-2012**
**09:20 AM**

NO. CAAP-11-0000169

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD J. HOEHN, Plaintiff-Appellee, v.
ANTONIO B. SIMON, MARIETTA A. SIMON, JOHN DOES 1-5,
and JANE DOES 1-5, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 11-1-0367)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendants-Appellants Antonio B. Simon and Marietta A. Simon (**Simons**) appeal *pro se* from the March 28, 2011 Judgment for Possession,[1] entered by the Lahaina Division of the District Court of the Second Circuit (**District Court**),[2] in this ejectment action.

On appeal, the Simons raise two points of error:

1.  "The court below erred in tacitly deciding that it acquired jurisdiction to adjudicate Appellants as contract law violators contrary to HRS §667-5, §656 and Rule 17 *Id.*, notwithstanding the fact that governments provide defendants an affirmative defense against a plaintiff missing the ratification"; and

---

[1]    Although the Simons erroneously identify another document as the matter appealed from, we will construe their appeal as stemming from the appealable Judgment for Possession.

[2]    The Honorable Blaine J. Kobayashi presided.

2.    "On March 8, 2011, pursuant to the Rules of the lower court, Appellants moved court for its findings, as Appellants timely initiated government's affirmative Rule 17 Id. defense and moved for relief from Appellee's negligent suit. (DC Doc 7), which court failed to adjudge."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Simons' points of error as follows:

1.    The Simons' first point of error is without merit. Plaintiff-Appellee Richard J. Hoehn (**Hoehn**) filed a complaint for ejectment in the District Court after purchasing the property at a non-judicial foreclosure auction.  The Hawaiʻi Supreme Court has held that:

> (1) where, in an ejectment proceeding filed in district court, a defendant seeks to raise a defense to the court's jurisdiction pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 12.1, on the ground that the action is one in which title to real estate will come into question, the defendant must set forth in the affidavit 'the source, nature, and extent of the title claimed by defendant' with sufficient detail or specificity to 'fully apprise the court of the nature of' its claim to title of the property in question; (2) additionally, the defendant may include in the affidavit any other particulars that would enable the court to be fully apprised of the defendant's claim; but (3) [where] the affidavit of [the defendant] neither included specificity or detail regarding the source, nature, and extent of title claimed nor other particulars that would fully apprise the District Court of the Second Circuit, Lahaina Division (the court), of his claim to title . . . his defense failed under DCRCP Rule 12.1 and the court properly exercised its jurisdiction over the ejectment action[.]

Deutsche Bank Nat. Trust Co. v. Peelua, 126 Hawaiʻi 32, 33, 265 P.3d 1128, 1129 (2011) (footnotes omitted).

The affidavit in this case, the "Affidavit of Defendants' Agent," signed by Antonio Simon, and filed in the District Court on February 18, 2011, as part of a document captioned "Defendants Simon Verified Restricted Answer; Memorandum in Support of Motion to Dismiss for Improper Venue and Failure to Join an Indispensable Party; Affidavit, Certificate of

Service", neither included the specificity or detail regarding the source, nature, and extent of title claimed nor other particulars that would fully apprise the District Court of the Simons' claim to title. [**ROA p. 30 et seq.**] Therefore, their defense of lack of jurisdiction failed under District Court Rules of Civil Procedure Rule 12.1 and the District Court properly exercised its jurisdiction in the ejectment action filed by Hoehn.

2. The Simons have failed to provide a discernible argument in support of their second point of error. Therefore, this issue is deemed waived and will not be further addressed. See, e.g., Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012); see also Hawaii Rules of Appellate Procedure Rule 28(b).

For these reasons, the District Court's March 28, 2011 Judgment for Possession is affirmed.

DATED: Honolulu, Hawai'i, October 17, 2012.

On the briefs:

Antonio B. Simon
Marietta A. Simon
Pro Se Defendants-Appellants

Matson Kelley
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

3